UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| **EventForce, Inc,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**salesforce.com, inc. and Eventley, Inc.**<br><br>   **Defendants.** | **Case No.: _____**<br><br>**COMPLAINT FOR TRADEMARK INFRNGEMENT; UNFAIR COMPETITION; VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT; CONTRIBUTORY TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff EventForce, Inc, by and through counsel, respectfully submits this Complaint against defendants salesforce.com, inc. and Eventley, Inc. In support thereof, Plaintiff alleges as follows:

**PARTIES**

1. Plaintiff EventForce, Inc is a Washington State corporation located and doing business at 8806 116th Ave NE, Kirkland, Washington 98033. Plaintiff provides services in the conferences and events industry and in the area of fundraising for charitable and philanthropic organizations.

2. Upon information and belief, defendant salesforce.com, inc. ("SFDC") is a Delaware corporation headquartered in San Francisco at The Landmark @ One Market, Suite 300, San Francisco, California 94105. SFDC is registered to do business in Washington State

COMPLAINT - 1

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

and may be served at C T Corporation System, 505 Union Ave SE, Ste 120, Olympia, Washington 98501. SFDC is a provider of software as a service ("SaaS") platforms.

3. Upon information and belief, defendant Eventley, Inc. ("Eventley") is a Delaware corporation with an office at 3175 Hanover Street, Palo Alto, California 94304. Eventley is a provider of conference and event management software which can be executed within an SFDC SaaS platform.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) in that the state and federal claims form part of the same case or controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction over SFDC because SFDC maintains a continuous corporate presence in the forum state by maintaining a corporate office and a registered agent within the state of Washington, regularly transacting business in the state of Washington and operating interactive websites and other media that are accessible to and purposefully directed and marketed to residents of the state of Washington. The claims that form the basis of this Complaint arise out of SFDC's intentional contacts with the state of Washington, which were and are a cause of foreseeable harm suffered by the Plaintiff within the state of Washington. SFDC is also subject to the personal jurisdiction of the forum state pursuant to Washington's long-arm statute, RCW 4.28.185.

6. This Court has personal jurisdiction over defendant Eventley because, upon information and belief:

COMPLAINT - 2

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

a) Eventley owns and operates websites accessible nationally and internationally. These websites are operated for Eventley's commercial benefit and are purposefully directed at residents within the state of Washington through (1) links provided by SFDC that are directed at Washington through SFDC's continuous and systematic presence in Washington and SFDC's marketing efforts directed at Washington, including but not limited to SFDC websites, business transactions and multi-media advertising; and (2) Eventley's interactive websites, directed customer marketing and transactions with Washington residents.

b) Eventley, through its websites, collects and uses Washington resident user information of visitors to its websites, in particular, IP addresses, web beacons along with and in conjunction with cookies for direct marketing emails, to monitor and market to geographic regions and to improve sales. Eventley collects this information for the purpose of commercial marketing directly to Washington residents, and Eventley in fact markets to Washington residents.

c) Eventley exploits the Washington market for its own commercial gain through its intentional infringing conduct as set forth in detail below. The claims that form the basis of this Complaint arise out of Eventley's intentional contacts with the state of Washington, which were and are a cause of foreseeable harm suffered by Plaintiff within the state of Washington.

7. Eventley is also subject to personal jurisdiction in the state of Washington pursuant to Washington's long-arm statute, RCW 4.28.185.

COMPLAINT - 3

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the asserted claims arise within this district and in that SFDC and Eventley (hereinafter collectively "Defendants") or their agents conduct business in this district.  Plaintiff is located in this district.  Wrongful conduct as alleged below occurred within this district.

**NATURE OF THE ACTION**

9. Plaintiff brings this action pursuant to 15 U.S.C. §§ 1114 and 1125, R.C.W. 19.86.020, and the Washington common law of unfair competition.

10. Plaintiff is the owner of, and has continually used, the trademark EVENTFORCE, the trademark EventForce with design (collectively "EVENTFORCE Marks") and/or trade name EventForce, Inc in interstate commerce throughout the United States in connection with the advertising, promotion, and provision of fundraising services and conference and event planning, support and staffing services since at least 1999.

11. Plaintiff registered and has owned the internet domain name eventforceinc.com since as early as February of 2000 and began thereafter advertising, offering and promoting its services in connection with the prominent display of its EVENTFORCE Marks and trade name on internet web pages available at www.eventforceinc.com.

12. Plaintiff registered and has owned the internet domain name eventforce.com since as early as December of 2004 and began thereafter advertising, offering and promoting its services in connection with the prominent display of its EVENTFORCE Marks and trade name on internet web pages available at www.eventforce.com.

13. Plaintiff has registered and owns the internet domain names eventforce.org, eventforce.info and eventforce.biz.

COMPLAINT - 4

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

1    14.    Plaintiff owns registered trademark no. 3619223, issued May 12, 2009, for
2  EVENTFORCE with design as shown below in connection with temporary employment agency
3  services and having first-use in commerce in 1999.  A true copy of this registration is attached as
4  Exhibit A.



       15.    In support of the application which matured into registration no. 3619223,
Plaintiff submitted a business card specimen (relevant portion reproduced below) depicting the
applied-for mark above the words "Conference & Event Support Staff."



       16.    By virtue of Plaintiff's continuous use, commercial efforts, extensive sales and
fundraising, advertising and promotional efforts since at least 1999, consumers and clients
throughout the United States have come to recognize the services advertised, provided and sold
under Plaintiff's EVENTFORCE Marks and trade name and the valuable goodwill represented by
the marks and trade name.

       17.    Plaintiff has provided millions of dollars in services under the EVENTFORCE
Marks and trade name throughout the United States and has funded over 100 beneficiary
organizations through its fundraising functions.  Plaintiff has spent substantial sums advertising
and promoting the EVENTFORCE Marks and trade name throughout the United States.

COMPLAINT - 5

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

18. Plaintiff personnel and volunteer staffers frequently provide Plaintiff's services to conference and event organizers and attendees while wearing uniforms bearing Plaintiff's EVENTFORCE Marks.

19. Plaintiff's registration no. 3619223, Plaintiff's common law rights accrued in connection with Plaintiff's use of the EVENTFORCE Marks, Plaintiff's trade name and Plaintiff's internet domain names are valid and subsisting and are directly owned by Plaintiff.

20. On information and belief, defendant SFDC began providing its customers with access to a software application named EventForce as early as 2008 (the "SFDC App"). The SFDC App was made available through SFDC's AppExchange website and provided event and session management features. By 2010, version 3.0 of the SFDC App had been made available and remains available to SFDC customers and provided features for connecting and tracking events, speakers, venues, rooms, tracks, sessions, and vendors. See Exhibit B, a true and correct printout of a webpage hosted on appexchange.salesforce.com on September 12, 2012. By 2012, version 4.0 of the SFDC App was made available to SFDC customers on the SFDC AppExchange website appexchange.salesforce.com. SFDC claims trademark rights in EVENTFORCE. See Exhibit C at 3, a true and correct copy of a PDF downloaded from a salesforce.com website September 12, 2012.

21. In March of 2011, Thomas Wong, then an SFDC vice president, registered the domain name eventley.com. A website hosted at www.eventley.com promotes a software application to "[m]anage events with built-in best practices" and includes an apparent screenshot of the application showing the title bar label "eventforce." See Exhibit D, a true and correct screenshot of a webpage hosted on www.eventley.com on September 12, 2012. Defendant

COMPLAINT - 6

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

Eventley was incorporated in Delaware in May of 2011 and Mr. Wong began to work for Eventley in June of 2011.

22. In July of 2011, Mr. Wong registered the domain name road2df.com. A website hosted at www.road2df.com includes a page stating:

> Eventley is a new company started by Tom Wong who ran Dreamforce for many years and the visionary behind this roadtrip. Eventley's productizing the app (Eventforce) because they believe one day, all businesses will manage and deliver their events this way. In Tom's own words, Eventforce is Facebook for events, with the business relevance of LinkedIn combined with the power of Salesforce CRM.

23. On April 21, 2011, SFDC filed intent-to-use trademark application ser. no. 85301581 in the U.S. Patent and Trademark Office for the mark EVENTFORCE for use in connection with certain software, software and online services, business management services, educational services and social networking services.

24. On information and belief, prior to Plaintiff's first use of its EVENTFORCE Marks and trade name, none of SFDC, Eventley or any predecessor or related companies had any basis for claiming trademark rights in EVENTFORCE in connection with conference and event management software or any of the identified goods and services in SFDC's trademark application.

25. Plaintiff became aware of SFDC's application when it was published for opposition in February 2012. Plaintiff subsequently initiated opposition proceedings in the Trademark Trial and Appeal Board ("TTAB") against the application. On September 4, 2012, just prior to a discovery production deadline, SFDC expressly abandoned the application. The TTAB entered judgment against SFDC and sustained Plaintiff's opposition on September 11, 2012.

COMPLAINT - 7

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

26. At least through the opposition proceedings at the TTAB, SFDC became aware of Plaintiff's trademarks and trade name. At least through subpoenas issued pursuant to the TTAB proceeding to Eventley and Mr. Wong on August 10, 2012, Eventley became aware of Plaintiff's trademarks and trade name.

27. Eventley promotes and solicits sales of its Eventforce app by maintaining a listing on SFDC's AppExchange website. This listing comprises a web page configured to "Get It Now" and to solicit and display user reviews. See Exhibit E, a true and correct printout of a web page hosted at appexchange.salesforce.com on September 12, 2012. Eventley has asserted that "eventforce" is its trademark for a product or service directed to "[e]vent managers [who] can leverage our integrated platform to engage their audiences … ." See Exhibit F, a true and correct printout of a web page hosted on appexchange.salesforce.com on July 12, 2012.

28. Defendants' use of Plaintiff's EVENTFORCE trademark is without consent.

29. Defendants have used and continue to use Plaintiff's EVENTFORCE trademark in interstate commerce in connection with software and services for conference and event management. Defendants' use is in the same channels of trade in which Plaintiff markets and provides its services. Defendants' use is with knowledge of Plaintiff's rights in Plaintiff's EVENTFORCE Marks and trade name.

30. Defendants' use of EVENTFORCE is likely to cause confusion, mistake or deception with Plaintiff and Plaintiff's EVENTFORCE Marks and trade name, individually and collectively, and is likely to cause purchasers and others erroneously to believe that SFDC, Eventley or their goods and services are in some way legitimately connected with or sponsored by, licensed or approved by, Plaintiff.

COMPLAINT - 8

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

31. Eventley's use of EVENTFORCE has caused confusion with Plaintiff and Plaintiff's EVENTFORCE Marks and trade name.

### FIRST CLAIM FOR RELIEF

Federal Unfair Competition under 15 U.S.C. § 1125(a)

32. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 31, inclusive, as set forth above.

33. This claim arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Plaintiff owns all rights, title and interest in and to, and holds the first, superior, and exclusive rights to use its EVENTFORCE Marks and trade name in conjunction with providing conference and event planning and staffing services and fundraising services.

35. Defendants' unauthorized use of EVENTFORCE in connection with conference and event management software and services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' software and services by Plaintiff.

36. Defendants' actions constitute federal unfair competition and violate 15 U.S.C. §1125(a).

37. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendants have and will continue to unfairly acquire income, profits and good will.

38. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

Federal Trademark Infringement under 15 U.S.C. § 1114(1)

COMPLAINT - 9

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

39.     Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 38, inclusive, as set forth above.

40.     In this claim for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

41.     Plaintiff has provided conference and event management and staffing services under the EVENTFORCE mark since 1999.  Plaintiff has used the EVENTFORCE mark continuously in U.S. commerce since that time.

42.     Plaintiff is the owner of federal trademark registration 3619223, which issued on May 12, 2009 on the principal register of the United States Patent and Trademark Office. This registration for the EVENTFORCE mark and design is in connection with temporary employment agency services.  The trademark is valid and subsisting and its registration has never been cancelled.

43.     Defendants' have used and are using EVENTFORCE in connection with conference and event management software and services.

44.     Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' software and services by Plaintiff.

45.     As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendants have and will continue to unfairly acquire income, profits and good will.

46.     Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

COMPLAINT - 10

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

## THIRD CLAIM FOR RELIEF

Common Law Trademark Infringement

47. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 46, inclusive, as set forth above.

48. The EVENTFORCE Marks are valid, protectable trademarks.

49. Plaintiff is the owner of common law trademark rights to the EVENTFORCE Marks since as early as 1999.

50. Defendants used EVENTFORCE as a mark without the consent of Plaintiff in a manner which is likely to cause confusion among ordinary purchasers and users as to the source of Defendants' services and products.

51. Defendants' actions are likely to lead the public to conclude, incorrectly, that their goods and services originate with or are authorized by the same party as Plaintiff's services, which will damage both Plaintiff and the public.

52. Defendants' unauthorized use of EVENTFORCE as a mark in interstate commerce constitutes trademark infringement under Washington State common law and is likely to cause consumer and user confusion, mistake, or deception.

53. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendants have and will continue to unfairly acquire income, profits and good will.

54. Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

Washington Consumer Protection Act R.C.W. 19.86

COMPLAINT - 11

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

55. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 54, inclusive, as set forth above.

56. Defendants' actions of restraining Plaintiff's ability to sell its services constitute unfair competition and unfair or deceptive acts in the conduct of commerce.

57. Defendants' actions injured Plaintiff, and have the capacity to continue to injure Plaintiff.

58. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendants have and will continue to unfairly acquire income, profits and good will.

59. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**

Federal Trademark Contributory Infringement under 15 U.S.C. §§ 1114(1), 1125(a)

60. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 59, inclusive, as set forth above.

61. Eventley's posting of an app with the name EventForce on SFDC's AppExchange is a direct infringement of Plaintiff's EVENTFORCE Marks and trade name.

62. Eventley's provision of software with the name EventForce, and services in connection therewith, on SFDC's SaaS platform is a direct infringement of Plaintiff's EVENTFORCE Marks and trade name.

63. SFDC provides a marketplace for sale of Eventley's software and services. SFDC provides the necessary execution environment for Eventley's software and services.

COMPLAINT - 12

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

64.     SFDC has direct control over its AppExchange.  SFDC monitors its AppExchange.  SFDC has direct control over instantiations of third-party software within its SaaS platform.  SFDC monitors execution of third-party software within its SaaS platform.

65.     SFDC has actual knowledge that Eventley's use of SFDC's AppExchange and SaaS platform is an infringement of Plaintiff's trademark and trade name rights.

66.     SFDC contributorily infringes Plaintiff's EVENTFORCE Marks and trade name by providing a marketplace and execution environment for Eventley's directly infringing software and services.

**PRAYER FOR RELIEF**

Wherefore, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting Plaintiff the following relief:

A. Judgment that Plaintiff's EVENTFORCE trademark has been and continues to be infringed by Defendants in violation of 15 U.S.C. § 1114;

B. Judgment that Defendants' use of EVENTFORCE constitutes federal unfair competition in violation of 15 U.S.C. § 1125;

C. Judgment that Defendants' use of EVENTFORCE violates Washington State's common law trademark infringement and common law unfair competition laws;

D. Judgment that Defendants' use of EVENTFORCE violates the Washington State Consumer Protection Act in violation of R.C.W. 19.86.020;

E. Judgment that Defendants' use of EVENTFORCE was and is a willful and intentional infringement of Plaintiff's EVENTFORCE marks;

F. Permanently enjoining and restraining Defendants and each of their agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active

COMPLAINT - 13

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

concert or participation with any of them from using EVENTFORCE or any similar term or any other designation alone or in combination with other words or symbols, as a trademark, trade name component or otherwise, to market, advertise, distribute or identify Defendants' products and/or services where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's EVENTFORCE Marks;

G. Pursuant to 15 U.S.C. § 1116(a), directing each defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which defendant has complied with the injunction;

H. Awarding Plaintiff all damages sustained as the result of Defendants' acts of infringement unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

I. Awarding Plaintiff all profits derived by Defendants from sales and revenues of any kind made as a result of their infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

J. Awarding Plaintiff treble actual damages and profits pursuant to 15 U.S.C. § 1117(b) because Defendants' conduct was willful within the meaning of the Lanham Act;

K. Awarding Plaintiff its attorney's fees and costs pursuant to 15 U.S.C. § 1117, because of the exceptional nature of this case resulting from Defendants' deliberate infringing actions;

L. Awarding Plaintiff treble damages pursuant to R.C.W. 19.86.090;

M. Awarding Plaintiff its attorney's fees and costs pursuant to R.C.W. 19.86.090; and

N. Granting Plaintiff such other and further remedies as the Court may deem just.

COMPLAINT - 14

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

**ADDITIONAL RELIEF**

Pursuant to Local Rule 39.1(c), the Plaintiff requests that the Court direct the parties to participate in mediation through the Western District of Washington Alternative Dispute Resolution Program.

COMPLAINT - 15

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com

**JURY DEMAND**

Pursuant to Fed, R. Civ. Pro 38(b), plaintiff hereby demands a trial by jury of all issues so triable that are raised herein or which herein after may be raised in this action.

DATED: September 13, 2012.

ADVOCATES LAW GROUP PLLC,

By: s/ Theresa E. Pruett
Theresa E. Pruett
WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street SW
Edmonds, WA 98026
425.512.3253
tpruett@advocateslg.com

Oliver L. Edwards (Application for Leave to Appear Pro Hac Vice pending)
Law Office of Oliver Edwards LLC
8701 Georgia Ave.
Suite 605
Silver Spring, MD 20910
301.841.8050

Attorneys for EventForce, Inc

COMPLAINT - 16

Theresa E. Pruett, WSBA No. 26063
Advocates Law Group, PLLC
9011 192nd Street S.W.
Edmonds, Washington 98026
425-512-3253
tpruett@advocateslg.com